United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Njideka Muoneke, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-05-4289 |
| Compagnie Nationale Air France, | § § § | |
| Defendant. | § | |

## Opinion on Attorney's Fees and Reconsideration

    Hiring a carrier to transport you requires that you accommodate yourself to the practices of the means of carriage. This is true for aircraft, but it is equally true for stage coaches, buses, taxi cabs, and trains.

    As an occasional traveler would know, space in aircraft is limited; this is especially true within the passenger compartment. The passenger's opportunity to have her luggage accompany her into the cabin is restricted generally. The airline may – at any time – oblige a passenger to allow it to send her cabin luggage to the hold. Passengers consent to the airline's practices and instructions when they consent to travel aboard its aircraft.

    Njideka Muoneke checked some luggage and carried other bags. As she boarded the aircraft in Paris for the second leg of her trip, an Air France official said that her satchel must be checked. She has said that, when she got to her hotel in Lagos, items were missing from her satchel. She says that she complained to an Air France person, and she has a printed form with a name and telephone number from Air France. During her stay in Lagos, she did not file a written report of her losses.

    When she returned to Houston, she wrote a long letter to Air France. She mentioned the photographs in her camera, the camera itself, and $900. In her lawsuit, she added in an affidavit right before trail that she had lost jewelry worth $700.

    First, Muoneke says that she intended to carry the satchel, making the involuntary shift of it to the cargo a violation of her property rights outside of the limits in conventions and tickets. The air crew must be in charge of the arrangements of passengers and luggage; that

necessity is recognized at law. She says that the carry-on limit should apply rather than the one for checked luggage, because she never meant to check it. The satchel was checked; the checked limit applies.

She also says that Air France was at fault for not allowing her time to rearrange the contents between her two carry-on bags. Direct costs as well as the indirect costs of inconvenience to other passengers prevents air crews from being obliged to accommodate passengers re-packing requests. Sometimes it might be safe and efficient to allow it; other times not. Neither Air France's misperception of a rush nor its rudeness – if either was in fact the case – avoids the damage limitation.

Second, Muoneke requests attorney's fees. In the analogous convention, fees are not permitted in addition to the $75,000 damages limitation for personal injury. Muoneke incurred approximately $3,000 in attorney's fees. She may not recover them.

The cost of a decent lawyer for a modest presentation of a claim would far exceed the amount allowed as damage in any developed country. This fact illustrates the functioning of the Warsaw Convention. It was not intended to set an amount that would fully compensate travelers for the cost of lost baggage. The convention almost entirely removes from the carriers the costs of guaranteeing baggage. Rather than leave travelers at the mercy of cruel and careless airlines, it obliges them to arrange insurance of their choice.

Also, it lowers the cost of all airline transportation because the carriers do not need to add to the ticket prices the expected value of luggage claims and attorney's fees. Passengers who chose to include expensive things in their luggage pay the same price for transportation as those who equip themselves more modestly. Airlines would have no way of knowing who packed what; all they would learn would be that something – in an oxymoronic phrase – turned up missing, usually something valuable.

The modest amount recoverable has two purposes. First, no liability might cause exceptional carelessness through moral hazard. Second, the low amount is adequate to cover the cost of routine, ordinary clothes and toiletries for people who would not perhaps think to insure separately.

Njideka Muoneka's motions to reconsider and for attorneys' fees will be denied.

Signed on March 18, 2008, at Houston, Texas.

Lynn N. Hughes   USDJ
United States District Judge